**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ROBERT BANKS**            :         **DOCKET NO. 18-cv-1408**
      **REG. # 05834-025**                    **SECTION P**

**VERSUS**                 :         **UNASSIGNED DISTRICT JUDGE**

**WARDEN FEDERAL CORRECTIONAL**
**INSTITUTE**             :         **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Robert Banks, who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

### I.
### BACKGROUND

The procedural history of Banks's attempts to obtain post-conviction relief, following his 2004 conviction of numerous drug trafficking crimes in the United States District Court for the Southern District of Illinois and based on his challenge to a prior conviction sentencing enhancement under 21 U.S.C. § 851, is provided in this court's review of his prior § 2241 petition. *See Banks v. Johnson*, 2017 WL 9471846 (W.D. La. Sep. 14, 2017). In that case we determined that Banks could not proceed under § 2241 because he failed to satisfy the savings clause of 28 U.S.C. § 2255(e), as described below. He again seeks relief from his § 851 sentencing enhancement, relying this time on *Welch v. United States*, 136 S.Ct. 1257 (2016), and preceding Supreme Court authority.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

#### B. *Section 2241*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Banks alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or

sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Banks relies on *Welch v. United States*, 136 S.Ct. 1257 (2016), in which the court held that *Johnson v. United States*, 135 S.Ct. 2551 (2015), is retroactively applicable on collateral review. The Seventh Circuit has already rejected a prior attempt to proceed under § 2255 based on *Johnson*, which considered sentencing enhancements under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *United States v. Banks*, No. 4:03-cr-40019, doc. 163 (S.D. Ill. Aug. 11, 2005). Additionally, as the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Banks does

not claim to be innocent of any of the federal drug trafficking convictions on which he is now serving a sentence. Accordingly, he cannot satisfy the savings clause and this court lacks jurisdiction over his § 2241 petition. *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE